BLD-103                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3019
_____

REGINALD S. LEWIS,
                              Appellant

v.

JOHN E. WETZEL, SECRETARY, PENNSYLVANIA DEPARTMENT OF
CORRECTIONS; CYNTHIA LINK, (FORMER) SUPERINTENDENT, SCI
GRATERFORD; MICHAEL WENEROWICZ, DEPUTY SECRETARY, EASTERN
DISTRICT, P.A. DEPT. OF CORRECTIONS; KELLY LONG, MAIL ROOM
SUPERVISOR, SCI-GRATERFORD; FORMER CAPTAIN SPAGNOLETTI, SCI
GRATERFORD

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-18-cv-02541)
District Judge:  Honorable Juan R. Sánchez

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 30, 2020

Before:  AMBRO, GREENAWAY, Jr., and BIBAS, Circuit Judges

(Opinion filed February 24, 2020)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Reginald Lewis appeals the District Court's order dismissing his complaint. For the reasons that follow, we will summarily affirm the District Court's judgment.

In 1983, Lewis was convicted of murder in the Philadelphia County Court of Common Pleas. He was sentenced to death. In 2000, he filed a petition under 28 U.S.C. § 2254 in the District Court. See E.D. Pa. Civ. A. No. 00-cv-00802. The District Court denied Lewis's guilt-phase claims but granted sentencing relief on account of counsel's failure to investigate and present mitigating evidence during the trial's penalty phase. Both Lewis and the Commonwealth appealed to this Court. On appeal, Lewis moved to recuse Judge Fisher from the panel, and that request was denied. Subsequently, the Court vacated the District Court's order and remanded for an evidentiary hearing on Lewis's penalty-phase claims. See Lewis v. Horn, 581 F.3d 92 (3d Cir. 2009). Following remand, the Commonwealth agreed not to contest Lewis's challenge to his capital sentence, and he was resentenced to life imprisonment.

In 2016, Lewis filed a motion under Fed. R. Civ. P. 60(b)(6), arguing that the Supreme Court's recent decision in Williams v. Pennsylvania, 136 S. Ct. 1899 (2016), established that Judge Fisher should have recused himself from the § 2254 appeal. The District Court denied the motion, explaining that Lewis had presented "no evidence that Judge Fisher 'had significant, personal involvement as a prosecutor in a critical decision' regarding Lewis's state court conviction, direct appeal to the Pennsylvania Supreme

2

Court, or collateral appeal under Pennsylvania's Post Conviction Relief Act." ECF No. 90 at 1 n.1 (quoting Williams, 136 S. Ct. at 1905)). Lewis appealed, and we denied a COA. See C.A. No. 17-1604. Lewis filed a petition for certiorari to the Supreme Court. The respondents filed a waiver of their right to respond, and the Supreme Court denied the petition. See S. Ct. No. 17-6906.

Lewis then filed the civil-rights complaint at issue here. He alleged that various prison defendants had violated his First Amendment right to access the courts by delaying his receipt of correspondence from the Supreme Court in No. 17-6906. He alleged that, had he received the documents from the Supreme Court in a timely fashion, he would have learned that the respondents had waived their right to respond to his certiorari petition, which would have allowed him to argue that the Supreme Court should deem all of his allegations as admitted. The District Court dismissed his complaint under 28 U.S.C. § 1915A, and Lewis filed a timely notice of appeal. He has also filed a motion for appointment of counsel.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We will summarily affirm a District Court's order if "no substantial question is presented" by the appeal. 3d Cir. L.A.R. 27.4(a).

The District Court correctly dismissed Lewis's access-to-the-courts claim. To plead such a claim, Lewis was required to show "(1) that [he] suffered an 'actual injury'—that [he] lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that [he has] no other 'remedy that may be awarded as recompense' for the lost

3

claim." Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (per curiam) (quoting

Christopher v. Harbury, 536 U.S. 403, 415 (2005)).

Lewis has failed to show that the defendants' alleged conduct caused actual injury.

He was able to file the certiorari petition in the Supreme Court without obstruction, and,

since the respondents did not file a response, it was unnecessary for him to file a reply.

See Sup. Ct. R. 16.6 ("Any petitioner may file a reply brief addressed to new points

raised in the brief in opposition[.]"). Lewis alleges that the defendants prevented him

from asking for, in essence, a default judgment. However, given that a response to a

petition is "not mandatory," S. Ct. R. 15.1, this is the type of mere hope of relief that is

not adequate to show "actual injury." Christopher, 536 U.S. at 416. Further, in these

circumstances, we are satisfied that the District Court did not err by dismissing the

complaint without granting leave to amend. See generally Grayson v. Mayview State

Hosp., 293 F.3d 103, 114 (3d Cir. 2002).[1]

---

[1] Lewis also alleged in his complaint that his "right to free speech and association has been restricted since being transferred to this prison in 2005," ECF No. 2 at 8, but he did not develop that claim in any way; we therefore interpret the allegation as merely supporting the access-to-the-court claim discussed above and not as a separate claim. Cf. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (explaining that plaintiff must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In this Court, he alleges that he has been subject to mail restrictions, but the documents he attaches suggest that a mail restriction was removed in October 2014. In any event, and even setting aside his failure to make these allegations in the District Court, he has not identified what restrictions he faces, let alone attempted to show that the restrictions violate his First Amendment rights. See Fontroy v. Beard, 559 F.3d 173, 177–78 (3d Cir. 2009).

Accordingly, we will summarily affirm the District Court's judgment. Lewis's motion for appointment of counsel is denied. See Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).